**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02682-DOC-KES                    Date:  December 5, 2025

Title: Michael Sandoval v. Visionworks of America, Inc. et al

---

PRESENT:   THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.      Background**

This is an action arising out of allegations that Plaintiff Michael Sandoval ("Plaintiff") was denied equal access to a website operated by Defendant Visionworks of America, Inc. ("Defendant" or "Visionworks"). *See generally* Complaint ("Compl.") (Dkt. 1-1); Notice of Removal ("Not.") (Dkt. 1).

Plaintiff is a visually-impaired and legally blind person who uses screen-reading software ("SRS") to read website content on a computer. Compl. ¶ 1.  According to Plaintiff, if certain requirements are not met then SRS is not able to read a website and allow the visually-impaired to access it. *Id.* ¶¶ 32-38. Plaintiff contends that he visited Defendant's website, located at www.visionworks.com, on separate occasions and attempted to use SRS. *Id.* ¶¶ 2, 50. Plaintiff contends that the website provides access to goods and services and he was denied such access. *Id.* ¶¶ 44-46. He allegedly encountered multiple barriers, including: that "the home page has graphics, links, and buttons that are not labeled or are incorrectly labeled, or lack alternative text"; that "he encountered multiple unlabeled or mislabeled buttons and links"; and that he "was unable to browse products because product links and descriptions were inaccessible to SRS." *Id.* ¶ 51. Plaintiff contends he intended to "place an order for sunglasses for pick up at Defendant's brick-and-mortar location in Fullerton, CA" but was unable to because of the website's inaccessibility. *Id.* ¶ 53. Plaintiff contends that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02682-DOC-KES                                      Date: December 5, 2025
                                                                   Page 2

website has been inaccessible since at least July 7, 2025, until the date of the complaint. *Id.* ¶ 54.

Plaintiff brings one claim for violation of California's Unruh Act and seeks injunctive relief, statutory damages, attorneys' fees, and costs. *Id.* at 12-13.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on October 6, 2025. Not. ¶ 2. On November 14, 2025, Defendant removed the action to this Court, asserting diversity jurisdiction. *See generally id.*

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02682-DOC-KES                                    Date: December 5, 2025
                                                                              Page 3

amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th
Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

        A removing defendant "may not meet [its] burden by simply reciting some 'magical
incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but
instead, must set forth in the removal petition the underlying facts supporting its assertion
that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F.
Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not
clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an
amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a
preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic
Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010);
*Guglielmino*, 506 F.3d at 699.

        While the defendant must "set forth the *underlying facts* supporting its assertion that
the amount in controversy exceeds the statutory minimum," the standard is not so taxing so
as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages."
*Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010)
(emphases added). In short, the defendant must show that it is "more likely than not" that the
amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence
may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319
F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373,
377 (9th Cir. 1997). For example, defendants may make mathematical calculations using
reasonable averages of hourly, monthly, and annual incomes of comparable employees when
assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp.
2d. at 1148–49.

        If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void.
*See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any
time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction
is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C.
§ 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell
v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.    Discussion

        Defendant argues that this Court has diversity jurisdiction in this action. Not. ¶ 14.
The Court disagrees. Here, Plaintiff expressly alleges an amount in controversy that is not

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02682-DOC-KES                                    Date: December 5, 2025
                                                                                                      Page 4

above $75,000 in his complaint.[1] Compl. ¶¶ 67-68. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendant has not met its burden to show that the amount-in-controversy requirement is satisfied. Defendant contends that Plaintiff seeks statutory damages of "$4,000.00 per an unspecified number of UCRA violations" and that Plaintiff's attempt to limit total statutory damages to $24,999.00 is "at odds with his allegations." Not. ¶¶ 20, 26. Defendant then concludes that because "[t]he Complaint alleges an unspecified number of 'separate' visits and 'ongoing' harm," Plaintiff's statutory damages could well exceed the purported cap. *Id.* ¶¶ 25-27. Putting aside Plaintiff's supposed statutory damages cap, Defendant has offered no facts demonstrating that the "unspecified number" of visits by Plaintiff are so numerous that it will surpass the amount-in-controversy threshold. In short, Defendant provides no factual support for its claim that Plaintiff's statutory damages will reach—or even approach—the $75,000 amount-in-controversy threshold. In other words, in its Notice of Removal Defendant rests its case on attacking Plaintiff's damages cap, but provides insufficient support for its own end of the argument in showing statutory damages will reach a certain amount.

Additionally, to reach the jurisdictional threshold, Defendant asks the Court to include the following speculative awards and relief: injunctive relief and attorneys' fees. Not. at ¶¶ 21-24; 28-32. The Court will not include speculative attorneys' fees when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy."). Defendant also fails to provide any evidence showing any commensurate value of what attorneys' fees are likely to be in this case, other than they are likely to exceed $1.01. Not. ¶¶ 28-32.  And for injunctive relief, Defendant bears the burden of establishing that the injunctive relief will meet the requisite amount-in-controversy threshold. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). Again, like with statutory damages, Defendant says that Plaintiff's purported value cap of $50,000 is not effective. Not. ¶ 21. Defendant then contends that because of the value of injunctions in other cases, the value in the instant case could exceed $50,000 or even $75,000. Not. ¶¶ 23-24. But a bare contention of similarity is not enough to demonstrate that the value will reach these amounts in the instant case. Even if the complaints between two cases are similar that does not mean that the value of injunctive relief in both cases will be identical. Thus, Defendant fails to satisfy its burden.

---

[1] This number is $74,999.00. Compl. ¶¶ 67-68.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02682-DOC-KES                                    Date: December 5, 2025
                                                                                          Page 5

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[2] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                    Initials of Deputy Clerk: kdu
CIVIL-GEN

---

[2] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.